UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Orlando Division

| | | |
|---|---|---|
| JANICE GABBERT | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE No.: |
| | )IN ADMIRALTY | |
| UNITED STATES OF AMERICA | ) | |
| Defendant. | ) | |
| ——————————————— | ) | |

## PLAINTIFF'S COMPLAINT

Now comes the Plaintiff, JANICE GABBERT, in the above-entitled matter and for her complaint states:

### General Factual Allegations

1.     The Plaintiff, JANICE GABBERT, is a resident of Titusville, Brevard County, State of Florida.

2.     The UNITED STATES OF AMERICA is a sovereign state which pursuant to 46 U.S.C. § 30901 et seq. and 46 U.S.C. § 31101 et seq. has consented to be sued.

3.     On or about August 12, 2021, the Defendant, UNITED STATES OF AMERICA, owned the USNS 2ND LT. JOHN P. BOBO ('USNS BOBO') which was and is a public vessel of the UNITED STATES OF AMERICA.

1

4.      On or about August 12, 2021, pursuant to contract with the Defendant, UNITED STATES OF AMERICA, Crowley Maritime Corp. ('Crowley') was ship manager, agent, of the USNS BOBO.

5.       At the time of the filing of this Complaint, June 9, 2023, the USNS BOBO is at port in Norfolk, VA.

6.      On or about August 12, 2021, the Plaintiff, JANICE GABBERT, was employed by the Defendant, the UNITED STATES OF AMERICA's ship manager Crowley.

7.      On or about August 12, 2021, the Plaintiff, JANICE GABBERT, was employed by the Defendant, the UNITED STATES OF AMERICA's ship manager, Crowley, as a seaman, and a member of the crew of the USNS BOBO.

8.      On or about August 12, 2021, UNITED STATES OF AMERICA operated the USNS BOBO.

9.      On or about August 12, 2021, the Defendant, the UNITED STATES OF AMERICA, or the  Defendant's agents, servants, and/or employees, controlled the USNS BOBO.

10.     On or about August 12, 2021, the USNS BOBO was in navigable waters.

11.     On or about August 12, 2021, while in the in the performance of her duties in the service of the USNS BOBO, the Plaintiff, JANICE

GABBERT, sustained personal injuries when she went from the pantry to the crew mess and her foot caught the lip/step between the two compartments and she landed and fell and injured her left knee.

12.    Prior to and at the time she sustained the above-mentioned personal injuries, the Plaintiff, JANICE GABBERT, was exercising due care.

13.    On December 20, 2022 and/or January 11, 2023, pursuant to 50 U.S.C. Appendix, § 1291(a) and the provisions of 46 C.F.R. § 327.4, § 327.5, Plaintiff properly presented to the Chief, Division of Marine Insurance for the United States Maritime Administration (MarAd) and to its ship manager, Crowley, a claim letter/notice letter that complied with all the requirements of 46 C.F.R. Part 327.4, 327.5.

14.    On December 20, 2022, pursuant to 50 U.S.C. Appendix, § 1291(a) and the provisions of 46 C.F.R. § 327.4, § 327.5, Plaintiff properly presented to U.S. Military Sealift Command a claim letter/notice letter that complied with all the requirements of 46 C.F.R. Part 327.4, 327.5.

15.    Upon information and belief, said notice/claim letter was received by MarAd on or about January 24, 2023.

16.    Upon information and belief, said notice/claim letter was received by Crowley on or before December 28, 2022.

17.    Upon information and belief, said notice/claim letter was received by U.S. Military Sealift Command on or before January 11, 2023.

18.     Since no notice of allowance or disallowance of the claim from MarAd was ever received by Plaintiff, JANICE GABBERT, pursuant to 46 C.F.R. § 327.6  and 60 days have elapsed since the receipt of the claim/notice letter,  said claim was administratively denied pursuant to 46 C.F.R. § 327.7.

### Jurisdiction & Venue

19.     This Court has subject matter jurisdiction over this matter pursuant to The Merchant Marine Act of 1920, commonly called the Jones Act, 46 U.S.C., §30104,  28 U.S.C. §1331, 28 U.S.C. §1333, the Suits in Admiralty Act, 46 U.S.C. § 30901 et seq. and Public Vessels Act, 46 U.S.C. § 31101 et seq.

20.     Pursuant 46 U.S.C. § 30906(a)(1), venue is proper in this district because the Plaintiff resides in this district.

### COUNT I
### JANICE GABBERT v. UNITED STATES OF AMERICA
### (JONES ACT NEGLIGENCE)

21.     The Plaintiff, JANICE GABBERT, reiterates the allegations set forth in paragraphs 1 through 20  above.

22.     The personal injuries sustained by the Plaintiff, JANICE GABBERT, were not caused by any fault on her part but were caused by the negligence of the Defendant UNITED STATES, its manager, agents, servants and/or employees, and/or Crowley Maritime Corp.'s agents, servants and/or employees, including but not limited to the following:

a. Defendant failed to provide the Plaintiff with a safe place to work;

b. Defendant failed to comply with its own policies and procedures;

c. Defendant failed to maintain the vessel's gear, equipment, working spaces and machinery in a safe condition for operations;

d. Defendant failed to warn plaintiff of a potentially dangerous condition;

e. Defendant failed to properly maintain and/or properly inspect, repair, or replace said equipment on said vessel;

f. Defendant failed to train employees in safe work practices;

g. Defendant failed to inspect the vessel to ensure it was sound and seaworthy;

h. the threshold on the vessel was improperly designed, not properly marked and failed to have visual warnings;

i. and other aspects which will be shown at the time of trial.

23.    As a result of said injuries, the Plaintiff, JANICE GABBERT, has suffered pain of body and anguish of mind, lost time from her usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

24.    This cause of action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act.

WHEREFORE, the Plaintiff, JANICE GABBERT, demands judgment against the Defendant, UNITED STATES OF AMERICA, in an amount to be determined by the Court together with interest and costs.

## COUNT II
## JANICE GABBERT v. UNITED STATES OF AMERICA
## (GENERAL MARITIME LAW - UNSEAWORTHINESS)

25.    The Plaintiff, JANICE GABBERT, reiterates the allegations set forth in paragraphs 1 through 20 above.

26.    The personal injuries sustained by the Plaintiff, JANICE GABBERT, were due to no fault of hers, but were caused by the Unseaworthiness of the USNS BOBO, including but not limited to the following:

a.  the vessel, its gear, equipment, working spaces, machinery and appurtenances were not fit for their intended purposes:

b.  the threshold on the vessel was improperly designed, not properly marked, failed to have visual warnings and was an unseaworthy condition;

c.  and other aspects which will be shown at the time of trial.

27.    As a result of said injuries, the Plaintiff, JANICE GABBERT has suffered pain of body and anguish of mind, lost time from her usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

28.    This cause of action is brought under the General Maritime Law for Unseaworthiness.

**WHEREFORE**, the Plaintiff, JANICE GABBERT, demands judgment against the Defendant, UNITED STATES OF AMERICA, in the amount to be determined by the Court together with interest and costs.

**COUNT III**
**JANICE GABBERT v. UNITED STATES OF AMERICA**
**(GENERAL MARITIME LAW – MAINTENANCE and CURE)**

29.    The Plaintiff, JANICE GABBERT, reiterates all of the allegations set forth in Paragraphs 1 through 20 above.

30.    As a result of the personal injuries described in paragraph 11 above, the Plaintiff, JANICE GABBERT, has incurred and will continue to incur expenses for her maintenance and cure.

**WHEREFORE**, the Plaintiff, JANICE GABBERT, demands judgment against the Defendant, UNITED STATES OF AMERICA, in the amount to be determined by the Court, together with costs and interest.

Respectfully submitted for the
the Plaintiff, JANICE GABBERT
by his attorney,

Carolyn M. Latti
BBO #567-394
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
(617) 523-1000
clatti@lattianderson.com

Dated: 6 9-23